UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON KEITH JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3393** |
| **LT. JEREMY BOONE, ET AL.** | **SECTION "G"(4)** |

## ORDER AND REASONS

Plaintiff Brandon Keith Jackson filed a **Motion for Appointment of Counsel (ECF No. 6)** in which he requests appointment of counsel to assist him in pursuing his case. On May 20, 2021, the Court entered an Order (ECF No. 11) denying Jackson's motion, because he failed to reply to the Court's Order (ECF No. 7) for additional information in support of his motion. After entry of that Order, the Court was notified that Jackson had filed a response that was inadvertently filed by the Clerk of Court into another of Jackson's cases, Civ. Action 20-3230"G"(4). Upon the Clerk's correction of the docketing error, the Court now is able to consider Jackson's response (ECF No. 12) and the additional information he provided.

Jackson filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Lt. Jeremy Boone, Sgt. Antwan Sanders, Lt. Jules Herbert, Sgt. Gavin Lemaire, and Sgt. Ervin Crain, all of whom are correctional officers at B.B. "Sixty" Rayburn Correctional Center ("RCC").[1] Jackson alleges that he was verbally sexually assaulted, threatened, and harassed by Lt. Boone and Lt. Herbert.[2] He also claims that he filed complaint Prison Rape Elimination Act ("PREA") complaints against the officers were not investigated or enforced.[3] He also claims that he was harassed by other defendants after he filed the PREA complaints.[4]

---

[1] ECF No. 1, at 1, 4.
[2] *Id*. at 5-9
[3] *Id*. at 7, 8, 10.
[4] *Id*. at 9-11.

In his motion to appoint counsel, Jackson alleged that he cannot afford counsel and that he needs counsel to review and obtain potential evidence, meet and communicate with medical experts, and assist in the presentation of evidence and in cross-examination of witnesses.[5] On March 29, 2021, the Court ordered Jackson to certify in writing the steps he has taken to secure counsel before filing his motion.[6] Jackson responded indicating that he attempted to contact two attorneys, one of whom previously represented him, and both attorneys declined to accept his case.[7] He enclosed a copy of a letter one of the attorneys wrote to the Secretary of the Department of Corrections on his behalf, despite not taking on his representation in this case.[8] Jackson also states he is unable to get assistance from inmate counsel at the prison because of the pandemic.[9]

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Jackson's case is not complex and requires no difficult investigation his claims which revolve mostly around witness credibility not legal expertise. Jackson's claims are not factually or legally complicated. Jackson has already demonstrated an ability to prepare pleadings, present

---

[5] ECF No. 6.
[6] ECF No. 7.
[7] ECF No. 12, at 1.
[8] *Id*. at 2.
[9] *Id*. at 1.

arguments, and more than adequately understand and convey the facts of his case without assistance of counsel. While Jackson may not be trained in the law, he has demonstrated the ability to express himself and understand the facts and issues involved in his case. Thus, although Jackson is indigent, his case is not an exceptional one under the foregoing factors and presents no circumstances that would require appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer*, 691 F.2d at 212-13; *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Accordingly,

**IT IS ORDERED** that the Court's Order (ECF No. 11) is **RESCINDED**.

**IT IS FURTHER ORDERED** that Jackson's **Motion for Appointment of Counsel (ECF No. 6)** is **DENIED**.

New Orleans, Louisiana, this  20th  day of May, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**